PRESTON *v.* REEVE.

One having the right to rescind a contract by reason of fraudulent misrep-
resentations by the other party, need not put the other party in a better
position than he was in before, as by giving him an assignment of a lease
for years in place of a tenancy at will.

The party in fault cannot complain that he is not put in his former posi-
tion, when the party rescinding offers to perform the contract by paying
the sum really agreed upon, although he refuses to pay the amount of a
note which was made too large by reason of the fraud:

ASSUMPSIT, to recover the amount of a promissory note for $426,
dated March 12, 1888. Facts found by a referee. March 12,
1888, the plaintiff was in the occupation of an apothecary store in
Great Falls, owned by one Roberts, with a verbal assurance from
Roberts that he should continue to occupy it as long as he pleased,
although his written lease had expired. The defendant desired to
obtain a lease of the store, and the plaintiff offered to vacate it
June 1 if the defendant would buy from him certain fixtures which
he had from the preceding tenant, Dr. Carleton, and pay him
therefor what he paid Carleton for them. The defendant accepted
the offer because he was anxious to have the store, it being under-
stood by both that the price was much more than the fixtures were
worth. The plaintiff falsely represented that he paid Carleton
$426, when in fact he paid him only seventy-five per cent. of that
sum. The defendant relied upon this false representation, and it
was a material inducement to his promise to pay $426. There-
upon the defendant gave the plaintiff the note in suit, and the
plaintiff gave the defendant a bill of sale of the fixtures, with a
covenant that he would deliver up to the defendant the possession
of the store on the first day of June, and the whole was put upon
the condition that the defendant should be able to get a lease of
the store " upon such terms as are reasonable and satisfactory to
him." Soon after, the defendant obtained from Roberts a lease of
the store. June 1, 1888, the defendant learned of the plaintiff's
misrepresentation as to the price paid Carleton for the fixtures,
and then offered to pay the amount paid Carleton, and no more,
which offer the plaintiff refused, and demanded payment of the
whole of the note. Thereupon the defendant tendered back the bill
of sale to the plaintiff, and demanded his note, and notified the
plaintiff that he rescinded the contract on account of his fraudulent
representation. The defendant did not offer to surrender or assign
the lease, nor intimate his willingness that the plaintiff should con-
tinue in the occupation of the store. Later, on the same day, the
plaintiff tendered to the defendant the key to the store, which the
defendant refused to accept from him, and it was afterwards taken
by Roberts and delivered to the defendant, who is now in posses-
sion of the store.

*Beacham & Foote* and *J. Kivel*, for the plaintiff.

*Edgerly & Pierce*, for the defendant.

SMITH, J.  The fraud perpetrated by the plaintiff, in falsely stating the cost of the fixtures, gave the defendant the legal right to rescind the contract.   It is contended, however, on the part of the plaintiff, that the rescission was not complete, because he was not restored to his original position, in that he lost the occupation of the store.   He was at most a tenant at will of Roberts, and had only his parol promise that he might remain in possession.   The condition in the bill of sale, that the conveyance should take effect provided the defendant should obtain a lease upon terms satisfactory to himself, was ostensibly inserted for the benefit of the defendant.   The plaintiff had no title which he could assign, nor possession which he could transfer so as to make the transferee more than a tenant at sufferance of Roberts.   When the defendant rescinded the contract, he not only made no attempt to disturb the plaintiff in his possession, but refused to receive possession from him.   The plaintiff voluntarily abandoned the possession when he left the key at the defendant's store.

It is claimed that the defendant, in order to have fully restored the plaintiff to his original position, should have offered to assign the lease to him, or should have returned it to Roberts to be cancelled. But (if the lease was assignable, which does not appear) it is apparent that an assignment of it to the plaintiff would have placed him in a better position, as he would then have had possession for a term of years instead of occupying as tenant at will; and it is not certain, and perhaps cannot now be known, whether Roberts would have accepted a surrender of the term.   The defendant's legal right to rescind did not impose on him the legal duty of restoring the plaintiff to any better position than that he originally occupied, or to offer to do more than he would have done if the plaintiff had truthfully stated the cost of the fixtures.   If his offer to pay seventy-five per cent. of the sum for which the note was given (the price which the plaintiff paid Carleton) was not an offer to restore the plaintiff to the position he stood in when he fraudulently induced the defendant to enter into the contract, he is estopped to assert the contrary by his agreement to sell for that price. Whether the plaintiff is otherwise estopped, is a question which need not be considered.   He cannot recover upon the note.

Whether the plaintiff upon a *quantum meruit* count can recover the value of the fixtures is a question not raised by the case.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.